IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES FREDERICK HEGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 1:24-cv-01088-JDB-tmp |
| TDOC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2) OR PAY THE
$405 CIVIL FILING FEE

On April 15, 2024, the Plaintiff, James Frederick Hegel, who is incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed in forma pauperis ("IFP"). (Docket Entries 1 & 2.)

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d. 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an IFP affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the last six months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

In this case, the affidavit submitted by Plaintiff is not accompanied by a copy of his trust account statement indicating a balance.  The Court will require Hegel to make an effort to obtain that document.  Accordingly, Plaintiff is ORDERED to submit, within thirty days after the date of this order, either the entire $405 civil filing fee[1] or a current copy of his trust account statement.[2]  If Plaintiff needs additional time to file the required document, he may request one thirty-day extension of time from the Court.  *McGore,* 114 F.3d at 605.  The Clerk is DIRECTED to mail Hegel a copy of this order.

If Plaintiff timely submits the necessary document and the Court finds that he is indigent, the Court will grant leave to proceed IFP and assess a filing fee of only $350 in accordance with the installment procedures of § 1915(b).  However, if the Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed IFP*,* assess the entire filing fee of $405 from his trust account without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  *Id.*

IT IS SO ORDERED this 7th day of May 2024.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] The civil filing fee is $350.  28 U.S.C. § 1914(a).  The Schedule of Fees set out following the statute also requires an additional administrative fee of $55 for filing any civil case before November 30, 2023.  **The Judicial Conference of the United States approved an additional administrative fee increase to $55 beginning December 1, 2023**.  That additional fee will not apply if leave to proceed IFP is ultimately granted.

[2] Plaintiff does not need to submit another IFP affidavit.  If he is unable to obtain a trust account statement from prison officials, he should so notify the Court.