IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| JAMES FREDERICK HEGEL,<br><br> Plaintiff,<br><br>v.<br><br>TENNESSEE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br> Defendants. | Case No. 1:24-cv-01088-JDB-tmp |

ORDER DISMISSING CONSOLIDATED COMPLAINT WITHOUT PREJUDICE,
DENYING MOTION TO APPOINT COUNSEL,
GRANTING LEAVE TO AMEND CLAIMS IN CONSOLIDATED COMPLAINT,
DENYING REQUEST FOR INJUNCTIVE RELIEF,
AND
DIRECTING CLERK TO MODIFY THE DOCKET

On April 15, 2024, the Plaintiff, James Frederick Hegel, Tennessee Department of Corrections ("TDOC") number 456745, filed a pro se complaint pursuant to 42 U.S.C. § 1983. (Docket Entry ("D.E.") 1.) At the time the complaint was filed, he was incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee. That same date, he moved for appointment of counsel. (D.E. 2.) On May 7, 2024, the Court ordered Hegel to comply with 28 U.S.C. § 1915 by filing an application to proceed in forma pauperis or paying the civil filing fee. (D.E. 4.) On May 28, 2024, he filed an application to proceed in forma pauperis (D.E. 5), along with an amended complaint (D.E. 6). On June 3, 2024, the Court granted the application and assessed the $350.00 civil filing fee. (D.E. 7.) On July 15 and August 22, 2024, Plaintiff filed change of address notices (D.E. 8-9) advising the Court of his transfer from NWCX to Morgan

County Correctional Complex ("MCCX") in Wartburg, Tennessee.[1] The complaint, amended complaint, and motion to appoint counsel are pending before the Court. The complaint and amended complaint are consolidated (the "Consolidated Complaint") for the purpose of screening Hegel's claims pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA").

The Consolidated Complaint is based upon incidents that occurred on or about March 4, 2024, when sexual abuse allegations against Hegel were investigated by the Sexual Abuse Response Team ("SART") at NWCX. The Consolidated Complaint is liberally construed to assert claims for violation of the Eighth and Fourteenth Amendments and of TDOC policy. The suit names as Defendants TDOC; Jerrie Avery, NWCX internal affairs and SART team member; Anna Parson, Assistant NWCX Warden of Treatment and Prison Rape Elimination Act Coordinator; Brandon Watwood, NWCX Warden; John Walton, NWCX Assistant Warden of Security; Alicca Lyons, NWCX Compliance Manager; Jason Rogers, NWCX Investigative Unit Lieutenant; Russell Stray, Counselor, NWCX; and Frank Strada, TDOC Commissioner. Plaintiff does not specify in which capacity he is suing each Defendant. He seeks appointment of counsel; issuance of process upon the Defendants; his removal as a sexual aggressor from the Tennessee Offender Management Information System ("TOMIS"); timely transfer back to NWCX Site 2, L-12 Veteran's Unit; return of his personal property; freedom from retaliation; a compensatory and punitive damages judgment in amounts to be determined by a jury; costs of this action; further and other general relief to which he may be entitled; a restraining order against TDOC staff; policy changes requiring a hearing to substantiate inmate claims; and trial by jury.

---

[1] *See* https://foil.app.tn.gov/foil/details.jsp (last accessed Oct. 3, 2024).

The Clerk shall MODIFY the docket to add the State of Tennessee as Defendant.

For the reasons explained below, the Court (1) DENIES AS MOOT Hegel's motion to appoint counsel, (2) DISMISSES the Consolidated Complaint WITHOUT PREJUDICE for failure to state a claim to relief against Defendants, (3) GRANTS leave to amend the claims dismissed without prejudice, and (4) DENIES injunctive relief.

I. BACKGROUND.

The Court assumes Plaintiff's allegations are true for purposes of screening the Consolidated Complaint. On or around March 4, 2024, at NWCX, Hegel alleges his due process rights were violated by SART team Defendants Watwood, Parson, Walton, Lyon, Rogers, Avery, and Stray. He refers collectively to the Defendants and does not allege any specific conduct by an individual. Plaintiff avers that four other NWCX inmates made false allegations of sexual abuse against him, that Defendants acted in violation of TDOC policy when they "authorized the misleading allegations" for sexual misconduct or harassment to be entered into TOMIS without providing him a disciplinary hearing, caused him to be labeled a "sexual aggressor" and "incompatible offender," and that he has suffered "a retaliatory transfer, financial damages, injury, . . . and no contact isolation in a cell without hot water, television or radio signal." (D.E. 6 at PageID 28.) Defendants have also caused him the loss of personal property and privileges, and separation from his inmate son, church group, and pastor. Finally, he alleges that he has been retaliated against at MCCX since his transfer from NWCX.

II. SCREENING.

A. LEGAL STANDARD.

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be

granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).  In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), and *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief."  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Fed. R. Civ. P. 8 provides guidance on this issue, requiring a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.  Courts screening cases accord more deference to pro se complaints than to those drafted by lawyers.  *Williams*, 631 F.3d at 383.  "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Id.* (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  Such litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, however.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'").

4

      B.      REQUIREMENTS TO STATE A CLAIM UNDER § 1983.

As noted above, this action has been brought under § 1983.  To state a claim under the statute, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

III.    ANALYSIS.

Plaintiff does not specify whether he is suing the Defendants in their official or individual capacities.  The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592.  "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593).  The Court will therefore presume that Hegel is suing Defendants in their official capacities.

The official capacity claims contained in the Consolidated Complaint are treated as claims against the Defendants' employer.  *See Jones v. Union Cty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).  Hegel alleges that Defendants are employed by TDOC, which is construed as an allegation that they are employed by the State of Tennessee.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also* https://www.tn.gov/correction/state-prisons/state-prison-list/northwest-correctional-complex.html (last accessed Oct. 3, 2024).)

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.

5

Const. amend. XI.  The amendment has been construed to prohibit citizens from suing their own states in federal court.  *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation.  But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (internal citation and footnote omitted)).  Tennessee has not waived its sovereign immunity and therefore may not be sued for damages.  *See* Tenn. Code Ann. § 20-13-102(a).  A state is not a person within the meaning of § 1983.  *Lapides v. Bd. of Regents of the Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.

Hegel does not state a claim to relief against Defendants in their official capacities or the State of Tennessee.  Therefore, those claims are DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

Plaintiff's request for injunctive relief also fails to state a claim.  The United States Supreme Court has clarified that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"  *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985), and *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)); *see also Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) ("[T]he [eleventh] amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief."

To proceed with official capacity claims for prospective injunctive relief against State employees such as Defendants, Hegel must allege that the State of Tennessee was responsible for

the violation of his constitutional rights because of a practiced custom or policy. *Graham*, 473 U.S. at 166; *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Sixth Circuit has held that, to establish the requisite causal link between a constitutional violation and a policy, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't.*, 8 F.3d 358, 364 (6th Cir. 1993). The custom or policy must be the "moving force" behind the deprivation of the plaintiff's rights. *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 606-07 (6th Cir. 2007) (citing *Monell*, 436 U.S. at 694). Because Plaintiff has failed to allege that he was injured due to an unconstitutional policy or custom of the State of Tennessee, he has failed to state a claim for prospective injunctive relief against the Defendants.

The Consolidated Complaint's claim for injunctive relief against the Defendants in their official capacities is therefore DISMISSED WITHOUT PREJUDICE.

IV. AMENDMENT UNDER THE PLRA.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under [Fed. R. Civ. P.] 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without

prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court GRANTS leave to amend the Consolidated Complaint under the conditions set forth below.

V. CONCLUSION.

For the reasons set forth above:

   A.   The Consolidated Complaint (D.E. 1, 6) is DISMISSED WITHOUT PREJUDICE in its entirety for failure to allege facts stating a claim to relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).

   B.   Leave to amend the complaint is GRANTED. Amended claims must be filed within twenty-one days of the entry of this order. An amended pleading must comply with the Federal Rules of Civil Procedure, including, but not limited to Rule 8's requirement of a short and plain statement of Plaintiff's claims. An amended complaint supersedes the Consolidated Complaint and must be complete in itself without reference to the prior pleadings. Hegel or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the Consolidated Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on

8

that count. If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss the Consolidated Complaint with prejudice and enter judgment. For § 1915(g) analysis, the Court recommends that any such dismissal should be treated as a strike pursuant to that statute. *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021). The "three strikes" provision of § 1915(g) prevents a court from granting in forma pauperis status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

C. Because the Consolidated Complaint is being dismissed, the motion to appoint counsel (D.E. 2) is DENIED AS MOOT subject to Hegel's right to re-file if the case proceeds.

D. The request for injunctive relief is DENIED.

E. If Hegel is transferred to a different prison, released, or changes his address, he is ORDERED to notify the Court immediately, in writing, of his current address. If he fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED this 10th day of October 2024.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE